IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through City Attorney Dennis J. Herrera,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA, INC. d/b/a ANTHEM BLUE CROSS; ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; HEALTH NET OF CALIFORNIA, INC., and Does 1-50 Inclusive,<br><br>Defendants.<br>_____/ | No. C 11-3107 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

On September 30, 2011, the Court heard argument on plaintiff's motion to remand. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS plaintiff's motion and REMANDS this case to the San Francisco Superior Court, for want of federal jurisdiction.

**BACKGROUND**

On May 24, 2011, the People of the State of California, acting by and through San Francisco City Attorney Dennis J. Herrera ("plaintiff"), filed a civil action in the Superior Court of the State of California, County of San Francisco, against defendants Blue Cross of California, Anthem Blue Cross Life and Health Insurance Company, and Health Net (collectively "defendants"). Plaintiff alleges one claim under California Health and Safety Code Section 1371.4 and one claim under California Business and Professions Code Section 17200. Compl. ¶¶ 31-34.

The complaint alleges that defendants have "systematically underpaid and delayed payment of

fees owed to [San Francisco General Hospital or "SFGH"] and other public hospitals for emergency services." *Id.* ¶ 3. The complaint alleges that "[u]nder State law, SFGH and other public hospitals have a duty to provide emergency treatment to all patients who need it, regardless of the patient's ability to pay. Defendants have a corresponding duty to reimburse SFGH and other public hospitals based on the full amount charged for emergency medical treatment provided to Defendants' insureds. Defendants violate this duty because they routinely refuse to make payments based on the full amount of such charges, but instead make arbitrary Usual and Customary ("UCR") reductions to the bills they receive from SFGH and other public hospitals." *Id.* ¶ 4. The complaint also alleges that defendants "have a duty to respond promptly and use fair procedures when processing claims for payments, and appeals from denials of such claims, made by emergency medical providers including SFGH and other public hospitals. Defendants systematically violate these duties through their dilatory and unfair claims handling practices." *Id*.

The complaint alleges that defendants' practices violate California Health and Safety Code Section 1371.4, which requires health care service plans to "reimburse providers for emergency services and care provided" to their insureds. Cal. Health & Safety Code § 1371.4(b); Compl. ¶¶ 23-24. The complaint also alleges that defendants' practices violate various claims processing requirements of the California Health and Safety Code and the California Insurance Code. Compl. ¶ 26. The complaint seeks (1) an order enjoining defendants "from performing or proposing to perform any act of unfair competition in California"; (2) an order that defendants "restore to California public hospitals, including SFGH, all funds improperly withheld by Defendants, along with interest thereon as required by law"; and (3) an order that defendants pay $2,500 in civil penalties for each violation of Cal. Bus. & Prof. Code § 17200. *Id.*, Prayer for Relief ¶¶ 1-3.

Defendants removed the case to this Court on June 23, 2011 on the ground that "[t]o the extent Plaintiff seeks additional benefits from ERISA-governed plans, those claims are completely preempted by ERISA because the claims attempt to assert claims for which ERISA's exclusive remedial scheme already provides enforcement mechanisms. *See* ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)." Not. of Removal ¶ 8.

## LEGAL STANDARD

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a). A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). Remand to state court must be ordered when a district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

## DISCUSSION

"A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA, or that some other basis exists for federal question jurisdiction." *Marin General Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). Complete preemption under § 502(a) is "really a jurisdictional rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Franciscan Skemp Healthcare, Inc. v. Cent. States Joint Bd. Health & Welfare Trust Fund*, 538 F.3d 594, 596 (7th Cir. 2008).[1]

In *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), the Supreme Court set out a two-prong test for complete ERISA preemption: "a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin General Hosp.*, 581 F.3d at 946, *quoting Davila*, 542 U.S. at 210. "A state-law cause of action is

---

[1] This Court only has jurisdiction if any of plaintiff's claims are completely preempted under Section 502 of ERISA. *Marin General Hosp.*, 581 F.3d at 944-45. A provision of state law may "relate to" an ERISA benefit plan, and may therefore be preempted under § 514(a) of ERISA, 29 U.S.C. § 1144(a). "But a defense of conflict preemption under § 514(a) does not confer federal question jurisdiction on a federal district court." *Marin General Hosp.*, 581 F.3d at 944. Accordingly, this order only analyzes whether plaintiff's claims are completely preempted under § 502(a).

3

preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." *Marin General Hosp.*, 581 F.3d at 947.

Plaintiff moves to remand this case, contending that neither prong of the *Davila* test is met here.

### A. Claims could not have been brought under ERISA

Under § 502(a)(1)(B), a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Thus, "[i]f a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Davila*, 542 U.S. at 210.

The plaintiff in *Davila* was a health care plan participant who alleged claims for denial of coverage under the terms of his ERISA-regulated employee benefit plan. *Id.* at 211. The Supreme Court ruled that the plaintiff's claims were preempted by ERISA because he could have sought reimbursement under his ERISA-governed health plan through § 502(a) of ERISA. *Id.* In contrast, the plaintiff in *Marin General Hospital* was a hospital which was an assignee of a patient's benefits under the patient's ERISA-governed health plan. *Marin General Hosp.*, 581 F.3d at 947. The hospital brought suit against an ERISA plan administrator for breach of contract under California state law. *Id.* at 944. The Ninth Circuit applied the first prong of *Davila* and determined that the plaintiff's state law claims were not completely preempted by ERISA § 502(a)(1)(B) because the claims arose out of an oral agreement between the hospital and an insurance plan administrator to pay certain of the patient's hospital charges above and beyond those covered by the ERISA plan. *Id.* at 947.

Defendants attempt to distinguish *Marin General Hospital* by arguing that plaintiff does not allege that defendants have entered into any contracts with public hospitals. However, as plaintiff argues, what was determinative in *Marin General Hospital* was the fact that the hospital's claim stemmed from a non–ERISA obligation:

> [I]n the case before us the patient assigned to the Hospital any claim he had under his ERISA plan. Pursuant to that assignment, the Hospital was paid the money owed to the patient under the ERISA plan. The Hospital now seeks more money based upon a different obligation. The obligation to pay this additional money does not stem from the ERISA plan, and the Hospital is therefore not suing as the assignee of an ERISA plan

4

1  participant or beneficiary under § 502(a)(1)(B). Rather, the asserted obligation to make
2  the additional payment stems from the alleged oral contract between the Hospital and
   MBAMD. As in *Blue Cross*, the Hospital is not suing defendants based on any
3  assignment from the patient of his rights under his ERISA plan pursuant to
   § 502(a)(1)(B); rather, it is suing in its own right pursuant to an independent obligation.

*Marin General Hospital*, 581 F.3d at 948; *see also Blue Cross of California v. Anesthesia Care Assocs. Med. Group Inc.*, 187 F.3d 1045, 1050 (9th Cir. 1999) (holding claims of medical providers against health care plan for breach of provider agreements were not completely preempted by ERISA because "the Providers' claims, which arise from the terms of their provider agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans, and hence do not fall within § 502(a)(1)(B)."). Here, as in *Marin General Hospital* and *Blue Cross*, plaintiff is not suing as the assignee of an ERISA plan participant or beneficiary under § 502(a)(1)(B), and plaintiff is not seeking benefits under an ERISA plan. Thus, plaintiff could not have brought the instant claims under § 502(a)(1)(B).

Defendants contend that this case is governed by *Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005). In *Cleghorn*, the plaintiff was a participant in his employer's ERISA health plan offered by Blue Shield. The plaintiff had sought and received emergency medical treatment, and Blue Shield denied coverage. The plaintiff filed a lawsuit in state court alleging state law causes of action, including an allegation that Blue Shield had violated an emergency care provision in California Health and Safety Code section 1371.4(c). Blue Shield removed the case to federal court, asserting complete preemption under § 502(a). The plaintiff amended his complaint, deleting his individual claim for damages and refusing to allege a claim under ERISA, and sought remand. The district court found that the plaintiff's claims were completely preempted under § 502(a) of ERISA. The Ninth Circuit affirmed, holding, "[w]hen Cleghorn sought benefits under the plan and did not receive them, he did not pursue his ERISA remedy but instead brought the present state-law claims. These are precisely the kind of claims that the Supreme Court in *Davila* held to be pre-empted." *Id*. at 1225. The Ninth Circuit rejected Cleghorn's argument that his claims no longer implicated ERISA because he had deleted his individual claim for damages:

> Artful pleading does not alter the potential for this suit to frustrate the objectives of ERISA. The only factual basis for relief pleaded in Cleghorn's complaint is the refusal of Blue Shield to reimburse him for the emergency medical care he received. Any duty

5

or liability that Blue Shield had to reimburse him "would exist here only because of [Blue Shield's] administration of ERISA-regulated benefit plans." *Davila*, 124 S.Ct. at 2498.

*Cleghorn*, 408 F.3d at 1226.

Unlike *Cleghorn*, plaintiff is not a health plan participant or beneficiary, and plaintiff's claim does not challenge the denial of benefits under an ERISA plan. The Ninth Circuit found that Cleghorn had engaged in "artful pleading," and that Cleghorn's amended claims were really challenging the denial of benefits under an ERISA plan — claims that he could have brought under ERISA. Here, in contrast, plaintiff does not challenge the denial of benefits to ERISA beneficiaries. Rather, plaintiff brings suit to enforce state law duties independent of ERISA that apply to insurance companies operating in California.[2]

Defendants also contend that plaintiff "seeks restitution of amounts owed to medical care providers who would be entitled to such payments *only* by virtue of an assignment of insurance rights under, among others, ERISA-governed benefit plans." Opp'n at 17:15-18. As a result, defendants contend, plaintiff's remedies are necessarily limited to those available under ERISA. However, as plaintiff argues, while the complaint alleges as a background fact that SFGH typically receives an assignment of patient's right to receive insurance benefits as a condition of admission, Compl. ¶ 22, the complaint does not allege that defendants are liable for breaching those assignments. Moreover, *Blue Cross* and *Marin General Hospital* hold that a provider that has been assigned rights by an ERISA plan beneficiary has the option of electing to sue under ERISA to enforce those rights, but that the provider is not precluded from opting instead to enforce an independent right to reimbursement available under

---

[2] Plaintiff also contends that the first prong of *Davila* is not satisfied – and cannot ever be satisfied – in a case brought by the People because the People do not have standing to sue under ERISA. Neither party cites any authority specifically addressing this question in the ERISA preemption context, although plaintiff cites several cases that are persuasive. *See Connecticut v. Physicians Health Services of Connecticut, Inc.*, 287 F.3d 110, 120-22 (2d Cir. 2002), *cert. denied,* 537 U.S. 878 (2002) (holding the State did not have standing as an enumerated party under § 502(a)(1)(B), and therefore could not bring suit under ERISA on behalf of the public); *see also Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 27 (1983) (stating "ERISA carefully enumerates the parties entitled to seek relief under § 502(a)(1)(B). . . . A suit for similar relief by some other party does not 'arise under' that provision").
    The Court finds it unnecessary to resolve this question because here, regardless of whether the People theoretically have standing to sue under ERISA, the claims alleged in this lawsuit are based on non-ERISA obligations stemming from state law, and thus could not have been brought under § 502(a)(1)(B).

1  state law. *See Blue Cross*, 187 F.3d at 1052 ("[W]e find no basis to conclude that the mere fact of
2  assignment converts the Providers' claims into claims to recover benefits under the terms of an ERISA
3  plan."); *Marin General Hospital*, 581 F.3d at 948 (noting that the Hospital had already recovered
4  payments in its capacity as an assignee of the patient's rights under the ERISA plan, and the Hospital's
5  breach of contract claims were distinct). Similarly, defendants contend that because one of the remedies
6  sought by plaintiff – the payment of money – is the same as a possible remedy under § 502(a)(1)(B),
7  plaintiff's suit is really a claim under § 502(a)(1)(B). That argument was also rejected in *Marin General*
8  *Hospital*, 581 F.3d at 950.

9  Accordingly, the Court finds that plaintiff does not meet *Davila*'s first prong requirement for
10 complete preemption because it could not have brought its claims under ERISA.

### B. Independent legal duty

The second-prong for complete preemption under *Davila* is met "where there is no other independent legal duty that is implicated by a defendant's actions." *Davila,* 542 U.S. at 210. State law legal duties are not independent of ERISA where "interpretation of the terms of [the] benefit plan forms an essential part" of the claim, and legal liability can exist "only because of [the] administration of ERISA-regulated benefit plans." *Id*. at 211.

In *Davila*, the plaintiff sued under a state statute that provided, *inter alia*, "'[t]he standards in Subsections (a) and (b) create no obligation on the part of the health insurance carrier, health maintenance organization, or other managed care entity to provide to an insured or enrollee treatment which is not covered by the health care plan of the entity.' § 88.002(d).'" *Davila*, 542 U.S. at 213. The Court held that the state statute did not impose duties independent of ERISA because "a managed care entity could not be subject to liability under the THCLA if it denied coverage for any treatment not covered by the health care plan that it was administering." *Id*. In contrast, in *Marin General Hospital*, the Ninth Circuit held that the state-law claims all arose out of an alleged oral contract between the parties and "are in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on 'other independent legal duties.'" *Marin General Hosp*., 581 F.3d at 950.

7

Here, plaintiff brings suit under state law, including California Health and Safety Code section 1371.4, which mandates that all health care service plans reimburse providers for emergency services rendered to their insureds. California Health and Safety Code section 1371.4(b) provides that "A health care service plan . . . shall reimburse providers for emergency services and care provided to its enrollees, until the care results in stabilization of the enrollee." "Subdivision (b) of section 1371.4 was enacted in 1994 to impose a mandatory duty upon health care plans to reimburse non-contracting providers for emergency medical services." *Bell v. Blue Cross of California*, 131 Cal. App. 4th 211, 216 (2005).

The Court finds that the second prong of *Davila* is not met here because plaintiff's claims arise from independent state law duties and do not depend on any duties imposed by an ERISA plan. Plaintiff alleges that defendants have violated state law imposing the duty to pay public hospitals based on the full amount charged for emergency medical services provided to their insureds. Plaintiff does not allege that defendants are miscalculating benefits owed to public hospitals under the express terms of any ERISA policy. Thus, plaintiff's claims depend on an interpretation of state law, including the Knox-Keene Act, and do not in any way involve the interpretation of any ERISA plans administered by defendants. The Court notes that several courts have held that similar claims brought by medical providers are not subject to ordinary conflict preemption under § 514 of ERISA. *See Coast Plaza Doctors Hosp. v. Blue Cross of California*, 173 Cal. App. 4th 1179, 1186-89 (2009); *Clark v. Group Hosp. and Med. Servs.*, No. 10-CV-333-BEN (BLM), 2010 WL 5093629, at *4-6 (S.D. Cal. Dec. 10, 2010) (addressing both complete § 502 preemption and § 514 conflict preemption).

## CONCLUSION

For the foregoing reasons, the Court concludes that plaintiff's claims are not completely preempted by ERISA § 502(a)(1)(B), and therefore this Court lacks jurisdiction. The Court hereby GRANTS plaintiff's motion for remand. Docket 15.

**IT IS SO ORDERED.**

Dated: October 7, 2011

SUSAN ILLSTON
United States District Judge

8